[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion to strike Counts Two and Three of the amended complaint and also the plaintiff's prayer for attorney's fees. CT Page 4374
Plaintiff has sued defendant bank in three counts alleging that defendant allowed one of the plaintiff's former employees to deposit its checks in his own account.
Count One sounds in conversion. Count Two alleges breach of defendant's duty under Connecticut General Statutes Section 42a-3-206 (3). Count Three alleges negligence.
The relevant portion of Section 42a-3-206 (3) is as follows.
 "Except for an intermediary bank, any transferee under an endorsement which. . . includes the words. . . .`for deposit'. . .must pay or apply any value given by him for or on the security of the instrument consistently with the endorsement and to the extent that he does so he becomes a holder for value."
The allegation by the plaintiff is that the defendant credited the former employee's account with certain checks which bore a restrictive endorsement which Limited deposits to "Healthcare, Inc." Defendant contends that the statute does not create liability distinct from conversion liability.
It does not appear that the Connecticut courts have as yet addressed the question of whether Section 42a-3-206 (3) creates a cause of action separate from conversion liability imposed by Section 42a-3-419 (3).
In the cases of LaJunta State Bank v. Travis, 727 P.2d 48,54 (Colo. 1986); Rutherford v. Darwin, 622 P.2d 245,249 (N.M.Ct.App. 1980); and in Underpinning Foundation Constructors, Inc. v. Chase Manhattan Bank, Inc., N.A.,414 N.Y.S.2d 298, 302 (1979); a duty was imposed upon the banks to act consistently with the restrictive endorsements. In Mid-Atlantic Tennis Courts v. Citizens Bank Trust, 658 F. Sup. 140
(D.Md. 1987); and Stewart Office Suppliers v. First Union National Bank, the courts held that in similar state codifications the banks had a duty to act consistently with the restrictive endorsement and that there was a creation of a distinct cause of action.
Clearly, Section 42a-3-206 (3) intends to impose a duty to honor restrictive endorsements. Having thus imposed a duty, it must logically follow that a breach of that duty imposes liability and creates a cause of action.
Motion to Strike Count Two is denied. CT Page 4375
As to Count Three, defendant claims that the codification of commercial paper law in Connecticut pre-empts any common law claims within the scope of conversion liability under Section 42a-3-419.
There appears to be no Connecticut cases on the issue of whether Section 42a-3-419 displaces common law negligence.
"In construing a statute, the intent of the legislature is to be found not in what it meant to say, but in what it did say." Daily v. New Britain Machine Co., 200 Conn. 562,571 (1986). Section 42a-3-419 does not state that it precludes common law claims based on factual situations within it. On the other hand, there are other Connecticut statutes which specifically preclude other claims. See Connecticut General Statutes Section 52-272n which specifically states. . . "A product liability claim. . .shall be in lieu of all other claims against product sellers." (emphasis added).
Sufficient facts have been alleged to give use to a cause of action in negligence. The defendant's Motion to Strike Count Three is denied.
The Court grants defendant's Motion to Strike the claim for attorney's fees. There is no statutory authority nor has plaintiff offered or alleged any contractual obligation to pay such fees.
Mihalakos, J.